```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT

SOLOMON LAMAR,                    :
                                  :
        Plaintiff,                :
                                  :
V.                                :   Case No. 3:10-CV-1390(RNC)
                                  :
CITY OF WATERBURY, et al.,        :
                                  :
        Defendants.               :
```

## RULING AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983 and state law asserting claims of false arrest, malicious prosecution and false imprisonment. In addition, the complaint contains state law claims for negligence and recklessness. Named as defendants are the City of Waterbury, Waterbury police officer Francis Brevetti, and his supervising officers. The action arises from Officer Brevetti's arrest of the plaintiff on various charges, including breach of peace and possession of narcotics. The charges were eventually dropped after Officer Brevetti himself pleaded guilty to drug-related offenses. The defendants have moved for summary judgment on all the claims in the complaint arguing principally that the plaintiff's arrest was supported by probable cause. The Court agrees that probable cause existed as a matter of law. Accordingly, summary judgment is granted as to the claims for false arrest, malicious prosecution and false imprisonment, under both federal and state law. The Court declines to exercise supplemental jurisdiction over the remaining state law claims for negligence and

recklessness.

I. Facts

The record before the Court establishes the following facts for purposes of the pending motion.[1]  On July 31, 2008, Officer Brevetti responded to a report of a disturbance.  He was accompanied by Officer Michael Modeen.  Upon arriving at the location, the officers interviewed two complainants, Hector Ramos and Jessie Stein.  Both reported that the plaintiff, who lived in the neighborhood, had been yelling obscenities and making threats as a result of a disagreement relating to a dog.  They directed the officers to the house where the plaintiff lived.  The officers went to the front door and knocked.  After a delay, the plaintiff opened the door wearing only his underwear and a shirt.  The plaintiff was perspiring and appeared to be nervous.  The officers asked if they could step inside to speak with him and he agreed.  When questioned by Officer Brevetti, the plaintiff admitted having a problem with his neighbors, although he said it was not that serious.  Officer Brevetti then informed the plaintiff that he was under arrest for breach of peace.  The

---

[1] The Court has reviewed the assertions of material fact contained in the defendants' Local Rule 56(a)1 Statement and found them to be supported by evidence in the record.  Plaintiff has not submitted a Local Rule 56(a)2 Statement containing separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 and corresponding to the paragraphs in the defendants' Local Rule 56(a)1 statement. Accordingly, the material facts asserted by the defendants are deemed admitted in accordance with Local Rule 56(a)1.

2

plaintiff said he needed to get his pants, backpedaled, then walked up a short flight of stairs. The officers followed the plaintiff to the top of the stairs, where they handcuffed him. In plain view on a table approximately five feet from where they were standing was a clear plastic bag containing a white rock-like substance, together with a small scale and a box of sandwich bags. The plaintiff's pants were on the floor next to the table. The officers placed the pants on the plaintiff and found $690 in cash in the right front pocket. The white substance in the plastic bag tested positive for crack cocaine. The plaintiff was charged with breach of peace in the second degree in violation of Conn. Gen. Stat. § 53a-181, possession of narcotics with intent to sell in violation of Conn. Gen. Stat. § 21a-278(b), and other drug offenses.

The plaintiff's arrest led to a conditional discharge violation hearing in Waterbury Superior Court, held on May 13, 2009.[2] Officers Brevetti and Modeen testified at the hearing and their testimony was consistent with Officer Brevetti's report concerning the plaintiff's arrest. Mr. Ramos and Ms. Stein also testified for the state. There was a discrepancy between Mr. Ramos's testimony and the police report. Mr. Ramos testified

---

[2] At the time of his arrest, the plaintiff was subject to a conditional discharge imposed by the state court in a previous drug case. The conditions required him to obey the law and avoid new arrests.

that although he did call the police and complain that the plaintiff had been yelling, the plaintiff did not threaten to kill him as the police report stated. Ms. Stein, on the other hand, testified that the plaintiff did threaten to kill his neighbors as detailed in the police report. There was also a minor discrepancy between the complainants' testimony and the police report as to who owned the dog.

At the conclusion of the hearing, Judge Fasano found the plaintiff to be in violation of his conditional discharge and sentenced him to imprisonment for three and a half years. Applying a preponderance of the evidence standard, the judge found that the plaintiff had committed a breach of peace as charged.[3] The judge stated that the plaintiff had been upset about his neighbors' treatment of the dog, that he had screamed at the neighbors intending to frighten them, and that his conduct had in fact frightened them resulting in the call to the police. With regard to the drug charges, Judge Fasano stated that at the very least the plaintiff had constructive possession of the crack cocaine found in plain view in the house where he was living.

On September 24, 2009, Officer Brevetti was arrested after narcotics were found in his car. He pleaded guilty to tampering

---

[3] Under Conn. Gen. Stat. § 53a-181(a)(1), "a person is guilty of breach of peace [in the second degree] when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, such person engages in fighting, tumultuous or threatening behavior."

with evidence and possession of a controlled substance and received a suspended sentence.  The state subsequently dropped the charges against the plaintiff stemming from the arrest on July 31, 2008.  The plaintiff remained in prison pursuant to the sentence imposed by Judge Fasano until March 26, 2010.[4]  Following the plaintiff's release from prison, he filed this action in state court.  The defendants then removed the action to this court on the basis of the federal claims in the complaint.

II. Summary Judgment

Summary judgment may be granted when there is no "genuine issue as to any material fact" and, based on the undisputed facts, the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In opposing summary judgment, a party may not rely on conclusory allegations or speculation but must instead offer evidence supporting its version of events.  See D'Amico, 132 F.3d at 149.

---

[4] It is unclear from the record why the charges against the plaintiff were dropped as well as why the plaintiff was released after less than a year despite being sentenced by Judge Fasano to three and a half years.

5

III. <u>Discussion</u>

The plaintiff's claims for false arrest, false imprisonment and malicious prosecution are based on his arrest by Officer Brevetti on July 30, 2008.  Under both Connecticut and federal law, the absence of probable cause is an essential element of all three claims.  <u>McClellan v. Smith</u>, 439 F.3d 137, 145 (2d Cir. 2006); <u>Zainc v. City of Waterbury</u>, 603 F. Supp. 2d 368, 387 (D. Conn. 2009); <u>Beinhorn v. Saraceno</u>, 23 Conn. App. 487, 491 (1990); <u>McHale v. W.E.S. Corporation</u>, 187 Conn. 441, 447 (1982).  Probable cause to arrest exists when officers have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996).  Significantly less evidence is necessary to support probable cause to arrest than is required to establish guilt. <u>United States v. Thevis</u>, 469 F. Supp. 490, 503 (D. Conn. 1979) <u>aff'd,</u> 614 F.2d 1293 (2d Cir. 1979).  "Where parties dispute what facts were known to police officers at the time an individual was arrested, resolution is for the jury; where . . . the parties do not dispute what facts were known to [the officers] but dispute whether those facts support probable cause, the disposition is a matter of law."  <u>Zainc</u>, 603 F. Supp. at 385.

6

In this case, uncontested facts establish that the plaintiff's arrest was supported by probable cause. With regard to the charge for breach of peace, it is undisputed that both Mr. Ramos and Ms. Stein reported to the officers that the plaintiff had been screaming at them, and it is undisputed that at least one of them (Ms. Stein) reported that the plaintiff had been threatening to kill his neighbors. The plaintiff points to discrepancies between Officer Brevetti's report concerning the complaints of Mr. Ramos and Ms. Stein and their testimony at the hearing before Judge Fasano, but these discrepancies do not undermine the existence of probable cause. Regarding the drug charges, the defendant's apparent possession of the drugs, scale, baggies and $690 in cash provided ample probable cause. The plaintiff seems to imply that Officer Brevetti's conviction for tampering with evidence and the state's subsequent decision to drop the charges against the plaintiff somehow undermines the existence of probable cause for the plaintiff's arrest. But there is no allegation or evidence that the plaintiff's arrest was tainted by tampering or other misconduct on the part of Officer Brevetti or Officer Modeen. Both officers testified in the hearing before Judge Fasano that they saw the drugs, scale and baggies in plain view in the plaintiff's residence and Judge Fasano credited their testimony. Plaintiff did not claim then, and indeed he does not claim now, that these items were planted

in the house by the officers.

Because probable cause existed for the plaintiff's arrest, the plaintiff cannot prevail on his claims under § 1983 and state law for false arrest, false imprisonment and malicious prosecution as a matter of law and, accordingly, the defendants are entitled to summary judgment on these claims. See <u>Kamholtz v. Yates County</u>, 350 F. App'x 589, 592 (2d Cir. 2009) ("As we find that there was no constitutional deprivation of appellant's rights, his claims of municipal liability necessarily fail.").[5] Dismissal of these claims leaves no other federal claims in the case.  In the absence of any other federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims for negligence and recklessness, which will be remanded to the Superior Court.

<u>IV. Conclusion</u>

Accordingly, the defendants' motion for summary judgment

---

[5] This disposition of the claims for false arrest, false imprisonment and malicious prosecution makes it unnecessary to consider the defendants' affirmative defense of qualified immunity.  It bears noting, however, that the plaintiff could not recover damages against Officer Brevetti under § 1983, even if the arrest lacked probable cause, because it was objectively reasonable for the officer to think probable cause existed.  See <u>Escalera v. Lunn</u>, 361 F.3d 737, 743 (2d Cir. 2004).  A different standard applies to the common law claims.  See <u>Balogh v. City of Shelton</u>, No. CV990067521S, 2002 WL 523225,*9 (Conn. Super. Ct. March 18, 2002).  However, on the present record, Officer Brevetti would appear to be entitled to immunity under the state law standard as well, as there is no evidence that he acted with malice, wantonness or intent to injure.

[doc. 37] is hereby granted.  The Clerk will enter judgment dismissing the federal and state law claims for false arrest, false imprisonment and malicious prosecution.  The Clerk will then remand the action to state court without an award of attorney's fees or costs.

So ordered this 26th day of September 2012.

/s/ RNC  
Robert N. Chatigny  
United Stated District Judge